IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01240-BNB

BEAUX GORDON SINES,

      Applicant,

v.

J. M. WILNER, Warden, F.C.I. Florence,

      Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 3 1 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant Beaux Gordon Sines is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado. Mr. Sines initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 8, 2009, Mr. Sines filed on the proper form an amended application for a writ of habeas corpus pursuant to § 2241. Mr. Sines is challenging the validity of his sentence. On June 9, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Sines to show cause why the action should not be dismissed because 28 U.S.C. § 2255 provides an adequate and effective remedy in his criminal case for his claim challenging the validity of his sentence. On June 16, 2009, Mr. Sines filed his response to the show cause order.

The Court must construe the amended application and the response to Magistrate Judge Boland's show cause order liberally because Mr. Sines is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Sines was convicted of possession of a stolen firearm pursuant to a plea agreement and he was sentenced to eighty-four months in prison and three years of supervised release.  *See United States v. Sines*, No. 05-cr-00436-WDM (D. Colo. Dec. 20, 2007).  Although Mr. Sines did not file a direct appeal, he has filed in his criminal case a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence.  On May 12, 2009, the Honorable Walker D. Miller denied the § 2255 motion as untimely.

Mr. Sines claims in this action that he should be resentenced to a prison term in the range of fifty-seven to seventy-one months based on the recent decisions in *Chambers v. United States*, 129 S. Ct. 687 (2009), and *United States v. Avalos*, No. 06-2228, 2009 WL 541336 (10th Cir. Mar. 5, 2009).  Mr. Sines specifically argues that, pursuant to *Chambers* and *Avalos*, his two prior convictions for escape should not be considered crimes of violence in calculating his sentence under the Sentencing Guidelines.  Mr. Sines asserts that he raised the same claim in his § 2255 motion that was denied as untimely.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v.*

*Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366.

As noted above, Magistrate Judge Boland ordered Mr. Sines to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in his criminal case pursuant to § 2255. Mr. Sines argues in his response to Magistrate Judge Boland's show cause order that the remedy available pursuant to § 2255 is not adequate or effective because the one-year limitation period applicable to § 2255 motions prevents him from seeking relief in his criminal case. Mr. Sines further argues that he should be allowed to pursue his claim in this § 2241 action because he is actually innocent of the sentence enhancement triggered by his two prior escape convictions.

The simple fact that Mr. Sines has been denied relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See*

*Williams*, 323 F.2d at 673.  The fact that Mr. Sines likely is barred from raising his claim in a second or successive § 2255 motion, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  *See Caravalho*, 177 F.3d at 1179.  Instead, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances."  *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief.  *See Caravalho*, 177 F.3d at 1178.  The remedy available pursuant to § 2255 also may be inadequate and ineffective if the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the applicant is actually innocent.  *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *see also United States v. Apodaca*, 90 F. App'x 300, 304 n.10 (10th Cir. 2004) (agreeing with *Reyes-Requena* that recourse to § 2241 "will be unavailing unless accompanied by a clear showing of actual innocence.").

As noted above, Mr. Sines contends the remedy available pursuant to § 2255 is inadequate and ineffective because, pursuant to *Chambers*, he is actually innocent of the sentence enhancement triggered by his prior escape convictions but he is unable to raise the *Chambers* claim in his criminal case pursuant to § 2255.  The Court will consider this argument in the context of the standards set forth in *Reyes-Requena*.  Mr. Sines satisfies the first prong of the *Reyes-Requena* test because *Chambers* is a new

4

Supreme Court case, it does not state a new rule of constitutional law, and it was decided after the one-year limitation period for filing a § 2255 motion in Mr. Sines' criminal case had expired. However, the Court does not agree with Mr. Sines' contention that the Supreme Court's decision in *Chambers* demonstrates he is actually innocent. The "core idea" of the actual innocence factor "is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903. In the Tenth Circuit, "[a] person cannot be actually innocent of a noncapital sentence." *United States v. Rogers*, 5 F.3d 1369, 1371 (10th Cir. 1993); *but see Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994) (stating that a petitioner in a habitual offender case is actually innocent of the sentence if he can show he is actually innocent of the prior conviction necessary to sentence him as a habitual offender).

Mr. Sines does not argue that he is actually innocent of possessing a stolen firearm, the offense to which he pled guilty in his criminal case. He also does not argue that he is actually innocent of the prior escape convictions that triggered the sentence enhancement he is challenging. Instead, Mr. Sines argues only that he is actually innocent of the sentence enhancement based on *Chambers*. Even assuming Mr. Sines' interpretation of *Chambers* and how that decision would affect his own sentence is accurate, his argument that he is actually innocent of a sentence enhancement is not the sort of actual innocence that could justify a determination that the remedy available pursuant to § 2255 in his criminal case is inadequate or ineffective. *See Rogers*, 5 F.3d at 1371. Accordingly, it is

ORDERED that the habeas corpus petition and the amended habeas corpus application are denied and the action is dismissed.

DATED at Denver, Colorado, this 31 day of _____ July _____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01240-BNB

Beaux Gordon Sines
Reg No. 33854-013
FCI - Florence
P.O. Box 6000
Florence, CO 81226

        I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __7/31/09__

                                              GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                        Deputy Clerk